NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASFAK AHMED CHOYON, | No. 15-73151 |
| Petitioner, | Agency No. A208-118-587 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Asfak Ahmed Choyon, a native and citizen of Bangladesh, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT").   We

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to when suspected political rivals chased Choyon on a motorbike and threatened his family, whether he reported this alleged mistreatment to police, and his residences in Bangladesh. *See id*. at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject Choyon's contention that the agency did not consider his case or ignored evidence. In the absence of credible testimony, Choyon's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence also supports the agency's denial of Choyon's CAT claim because it was based on the same testimony found not credible, and the record does not otherwise compel the finding that it is more likely than not Choyon would be tortured by or with the consent or acquiescence of the government if returned to Bangladesh. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED**.